UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 25-21962-CIV-MARTINEZ

JAN CARLOS PIMENTEL,

    Plaintiff,

v.

RPO PLUS TRUST INSURANCE LLC,

    Defendant.
_____/

**FINAL ORDER OF DISMISSAL**

**THIS MATTER** is before the Court *sua sponte*. Plaintiff filed the Complaint in this case on April 29, 2025, roughly seven months ago [ECF No. 1]. Rule 4(m) requires service of summons and the Complaint to be perfected upon Defendant within 90 days after the filing of the Complaint. Accordingly, service was to be perfected on or before July 28, 2025. Plaintiff failed to timely serve Defendant and failed to request an extension of time to do so. In fact, Plaintiff abandoned this case, filing nothing on the record since the initial Complaint on April 29.

On September 16, 2025, upon a *sua sponte* review of the record, the Court entered an Order [ECF No. 10] to Show Cause why this action should not be dismissed for failure to perfect service of process, warning that "[f]ailure to **file proof of service** and **demonstrate good cause** for the delay by **September 26, 2025** will result in dismissal without prejudice and without further notice." *Id.* (emphasis added). Plaintiff failed to respond to the Order by the deadline or request an extension of time to do so.

District courts "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718–19 (11th Cir. 2011) (citing

Case No.: 25-21962-CIV-MARTINEZ

Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). Courts may dismiss a case *sua sponte* "based on two possible sources of authority: Rule 41(b), or the court's inherent power to manage its docket." *Betty K Agencies*, 432 F.3d at 1337. "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Therefore, "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Id.* (citing Fed. R. Civ. P. 41(b)); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." (citations omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to timely perfect service of process, failure to prosecute, and failure to comply with this Court's Orders. Any pending motions are **DENIED** as **MOOT**, and this case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 14th day of November, 2025.

CECILIA M. ALTONAGA
for JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record